

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 4, 1973

The Honorable Russell Cummings
Executive Director, Texas Mass
Transportation Commission
1013 San Jacinto
Austin, Texas 78701

Opinion No. H- 120

Re: Construction of Mass
Transportation Commission
Act, Article 4413(34), V. T. C. S.

Dear Mr. Cummings:

You have requested the opinion of this office on two questions related
to § 8 of Article 4413(34), Vernon's Texas Civil Statutes, the Texas Mass
Transportation Commission Act adopted in 1969. Your two questions are:

> 1. "Does the enactment of this legislation (in 1969)
> constitute being 'authorized by the State, ' and are we
> therefore able to 'accept and receipt' for federal
> grants? If not, does the Governor have the author-
> ity to 'authorize' or does it require another act of
> the Legislature to 'authorize' what this subsection
> describes?"

> 2. "Can TMTC grant financial assistance to Texas
> political subdivisions for planning public mass trans-
> portation systems from appropriations made by the
> Legislature for that purpose?"

The Act calls for the creation of the Texas Mass Transportation
Commission. Section 8(a) provides that its purposes shall be to encourage
and assist in the development of public mass transportation and to encourage
the establishment of rapid transit and other transportation media. Other
subsections of § 8 define the authority of the Commission.

Subsection h, in part, provides:

> "The Commission may accept and receipt for federal
> and other grants either public or private, for the state or
> any political subdivision thereof, when authorized by the

> state or subdivision, for the acquisition, construction,
> improvement, maintenance or operation of public mass
> transportation facilities . . . The state or the governing
> body of a municipality or other political subdivision <u>may</u>
> designate the commission as its agent to receive money
> under this section and the commission acting as agent
> may contract with the federal government for the acquis-
> ition, construction, improvement, maintenance, or oper-
> ation of public mass transportation facilities." (Emphasis
> added)

The State is the people and all political power of the State is inherent in them.  Article 1, § 2, Constitution of Texas; <u>Dickson v. Strickland</u>, 265 S. W. 1012 (Tex. 1924); <u>Love v. Wilcox</u>, 28 S. W. 2d 515 (Tex. 1930).  The people, in turn, exercise their inherent power through the Legislature. Article 2, § 1, Constitution of Texas; <u>Ferguson v. Wilcox</u>, 28 S. W. 2d 526 (Tex. 1930).  Neither the Governor nor any other State officer may act for the State unless authorized to do so either by the Constitution or by statute.  <u>State v. Ragland Clinic-Hospital</u>, 159 S. W. 2d 105 (Tex. 1942); <u>Calvert v. Adams</u>, 388 S. W. 2d 742 (Tex. Civ. App. , Austin, 1965), rev. on other grounds, <u>Adams v. Calvert</u>,  396 S. W. 2d 948 (Tex. 1965).  See also Attorney General Opinions M-1141, M-1199 (1972) and Letter Advisory No. 2 (1973).

With these general principles in mind we would answer your first question that the enactment of the Texas Mass Transportation Commission Act, authorizing the Commission to accept and receipt for federal grants "when authorized" does not itself constitute the authorization.  We believe that such "authorization" or "designation" would have to be expressed in another act of the Legislature as, for example, Article 5521b-22d, V. T. C. S. , in which the Legislature exercised for the State the election authorized to be covered by the Texas Unemployment Compensation Act provided in Article 5221b-6(b)(2).  Or, such authorization or designation may come from a political subdivision or an agency of the State which in turn has legislative authority to receive such grants.

To the second part of your first question we answer that, in our opinion, unless specifically authorized to do so by some statute, the Governor does not have the authority to extend authorization on behalf of the State.  Article 4413(34)(h) specifically authorizes the governing body of a municipality or

other political subdivision to designate the Commission as its agent to receive such grants.

Your second question involves the authority of the Texas Mass Transportation Commission to render financial assistance to other political bodies for planning public mass transportation systems "from appropriations made by the Legislature for that purpose."

Section 8(d) of Article 4413(34), V. T. C. S. , is:

"The commission may render financial assistance in the planning of public mass transportation systems out of appropriations made by the Legislature for that purpose."

Your letter cites, as one possible source of difficulty, § 51 of Article 3 of the Texas Constitution. This section provides:

"The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever . . . "

Section 52(a) of Article 3 denies the Legislature the power to authorize any county, city, town or other political corporation or subdivision to lend its credit or make such a grant of public money.

Finally, § 6 of Article 16, in its subsection (a), prohibits the appropriation of funds for private or individual purposes unless authorized by the Constitution.

These constitutional provisions have been the subject of many questions and much writing. It is clear, however, that they are now interpreted to mean only that the Legislature must appropriate funds for public purposes. That an appropriation is also of assistance to a private individual or corporation does not render it unconstitutional if it meets the "public purpose" test. See for instance, State v. City of Austin, 331 S. W. 2d 737 (Tex. 1960).

With specific reference to the use of federal funds, we would call your attention to Attorney General Opinion M-782 (1971) where, after a thorough review of the authorities, it was held that federal grants deposited in the

State Treasury might be distributed not only to public or State supported institutions, but also to non-profit corporations and associations "so long as such payment and expenditure is made in accordance with the terms of the grant and for the purposes of the Federal grant.  Such payment is for a public or governmental purpose and would not violation Section 51 of Article III of the Constitution of Texas."

From your question we assume the existence of an appropriation "made by the Legislature" for financial assistance to public subdivisions.  In addition, the appropriation bills for the year ending August 31, 1973 (Senate Bill 1, 62nd Leg., 3rd Called Session) and for the biennium commencing September 1, 1973 (House Bill 139, 63rd Leg.) contain provisions (§ § 22 and 23 of Article 5 of the 1972 appropriations and § § 18 and 19 of Article 5 of the 1973 appropriation bill) that funds received either as private bequests and gifts or federal grants to State agencies "are hereby appropriated to such agencies for the purposes for which" the grant, bequest or gift was made or similar language.

It is our opinion therefore that appropriated funds or bequests, gifts or grants for the purpose of assisting political subdivisions of the State in planning public mass transportation systems, may be used for that purpose by the Commission.  See Attorney General Opinion M-581 (1970); M-266 (1968).

### SUMMARY

The Texas Mass Transportation Commission may accept and receipt for federal grants when authorized to do so either by legislative enactment of by an agency to whom such grant is made.  Article 4413(34), V. T. C. S., does not, by itself, constitute such authorization.

The Commission may also grant financial assistance to political subdivisions of the State of Texas for planning

public mass transportation either out of any funds which may be appropriated to it for that specific purpose by the Legislature or out of private bequests or gifts or federal grants made to it for that purpose.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee